# **EXHIBIT A**

COPY

1  Todd M. Friedman (216752)
2  Adrian R. Bacon (280332)
   Law Offices of Todd M. Friedman, P.C.
3  324 S. Beverly Dr. #725
   Beverly Hills, CA 90212
4  Phone: 877-206-4741
   Fax: 866-633-0228
5  tfriedman@attorneysforconsumers.com
6  abacon@attorneysforconsumers.com
   Attorney or Plaintiff
7

**FILED**
Superior Court Of California,
Sacramento
01/26/2016
cwhitfield
By _____ , Deputy
Case Number:
**34-2016-00189593**

FEB 10 2016

1.01
Pm

FEB 1 0 2016

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                FOR THE COUNTY OF SACRAMENTO
                        LIMITED JURISDICTION
10

11  JOHN MOGANNAM,                    )   CASE NO.:
                                      )
12              Plaintiff,            )   COMPLAINT
                                      )
13  -vs-                              )   1.  Violation of Rosenthal Fair Debt
                                      )       Collection Practices Act
14                                    )   2.  Violation of Fair Credit Reporting
                                      )       Act
15  BLUESTEM BRANDS, INC. dba         )   3.  Violation of California Consumer
16  FINGERHUT,                        )       Credit Reporting Agencies ACt
                                      )
17              Defendant.            )   (Amount Not to Exceed $10,000)
18  _____

19                          I. INTRODUCTION

20      1.  This is an action for damages brought by an individual consumer for Defendant's

21  violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.*

22  (hereinafter "RFDCPA"), which prohibits debt collectors from engaging in abusive, deceptive,

23  and unfair practices; and for Defendant's violations of the Fair Credit Reporting Act 15 U.S.C.

24
25  §1681 (hereinafter "FCRA"); the California Consumer Credit Reporting Agencies Act, Cal. Civ.

26  Code § 1785.25 (hereinafter "CCRA"), both of which regulate the collection, dissemination, and

27  use of consumer information, including consumer credit information.

28  ///

1

## II. PARTIES

2.  Plaintiff, John Mogannam ("Plaintiff"), is a natural person residing in Sacramento County in the state of California, is a "consumer" as defined by 15 U.S.C. §1681a, and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.  At all relevant times herein, Defendant, Bluestem Brands, Inc. dba Fingerhut ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f); and which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5); Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c); Further, Defendant regularly provides information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA.

## III. FACTUAL ALLEGATIONS

4.  At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant reported derogatory information on Plaintiff's credit report.  Defendant alleges that Plaintiff missed two payments. Plaintiff has personal knowledge and believes thereon that Plaintiff successfully made the aforementioned payments.

5.  On or about March 29, 2015, Defendant reported Plaintiff's former account as past due and key derogatory items on his credit report.  Plaintiff is informed, possesses knowledge, and thereon alleges that Plaintiff does not owe the aforementioned past due balance, and Defendant failed to notify Plaintiff that Defendant would report derogatory information of Plaintiff's credit report.

6.  Plaintiff contacted Defendant several times to inform Defendant that the derogatory reporting on his credit report was inaccurate and in dispute.  Plaintiff spoke with

2

Defendant's credit department at (866)734-0342. Defendant refused to verify the information and to remove the disputed information.

7.     On May 13, 2015, Plaintiff's counsel sent a notice of legal representation to Defendant. Defendant has failed to respond at this time.

8.     §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

9.     Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

    a)  Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

    b)  Communicating or threatening to communicate credit information which is known or which should be known to be false (§1692e(8)); and

    c)  Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10).

10.    Further, Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. 1681a(f).

11.    Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

12.    As a result of Defendant's inaccurate reporting of Plaintiff's accounts, Plaintiff's credit score decreased by over seventy (70) points.

3

13. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

14. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

15. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and

    b. Decreased credit score which may result in inability to obtain credit on future attempts.

16. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

18. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

    a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

    b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

19. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above,

4

and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

20.     As a result of the above violations of the RFDCPA, FCRA, and CCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF THE ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

21.     Plaintiff reincorporates by reference all of the preceding paragraphs.

22.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.     Actual damages;
B.     Statutory damages for willful and negligent violations;
C.     Costs and reasonable attorney's fees; and
D.     For such other and further relief as may be just and proper.

## COUNT III: VIOLATION OF THE FAIR CREDIT REPORTING ACT

23.     Plaintiff reincorporates by reference all of the preceding paragraphs.

24.     To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

///

///

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.   Actual damages;
B.   Statutory damages for willful and negligent violations;
C.   Costs and reasonable attorney's fees; and,
D.   For such other and further relief as may be just and proper.

## COUNT IV: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT CAL. CIV. CODE §§1785.25(a))

25.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26.   California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

27.   California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

28.   California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

29.   Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

30.   Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and

6

suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)  Actual damages;

(b)      Statutory damages;

(c)      Costs and reasonable attorney's fees;

(d)      For such other and further relief as the Court may deem just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 25th of January, 2016

By:   _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

7

**COPY**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BLUESTEM BRANDS, INC. DBA FINGERHUT

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOHN MOGANNAM

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**

Superior Court Of California,
Sacramento

01/26/2016

cwhitfield

By _____ , Deputy

**Case Number:**

**34-2016-00189593**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of Sacramento County | CASE NUMBER: *(Número del Caso):* |
|---|---|

720 9th St.
Sacramento, Ca 95814

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 324 S. Beverly Dr., #725, Beverly Hills, CA 90212, 877-206-4741

| DATE: *(Fecha)* JAN 2 6 2016 | Clerk, by *(Secretario)* C. WHITFIELD | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

(SEAL)

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>324 S. Beverly Dr., #725<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: 877-206-4741     FAX NO.: 866-633-0228<br>ATTORNEY FOR *(Name)*: Plaintiff, John Mogannam | **FILED**<br>Superior Court Of California,<br>Sacramento<br>01/26/2016<br>cwhitfield<br>By_____, Deputy<br>Case Number:<br>**34-2016-00189593** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sacramento
STREET ADDRESS: 720 9th St.
MAILING ADDRESS: 720 9th St.
CITY AND ZIP CODE: Sacramento, Ca 95814
BRANCH NAME:

CASE NAME:
John Mogannam v. Bluestem Brands, Inc. dba Fingerhut

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☑ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

**2.** This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
**4.** Number of causes of action *(specify)*: 3
**5.** This case ☐ is   ☑ is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 25, 2016
Todd M. Friedman
_____                    ►_____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |